UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANTHONY E. FERENTINOS and
ESTATE OF SANDRA FERENTINOS,**

      **Plaintiffs,**

v.                                                    **Case No: 6:13-cv-1728-Orl-36DAB**

**KISSIMMEE UTILITY AUTHORITY,
et al.,**

      **Defendants.**

## ORDER

This cause comes before the Court on the Report and Recommendation and Order of Magistrate Judge David A. Baker (Doc. 115). In the Report and Recommendation and Order, Magistrate Judge Baker recommends that *pro se* Plaintiff Anthony E. Ferentinos' ("Ferentinos" or "Mr. Ferentinos") Amended Complaint (Doc. 107) be dismissed with prejudice because it is untenable on its face, not in compliance with previous directions of the Court, and procedurally improper, and any further opportunity to amend would be futile. Doc. 115 at 2, 13.[1] Mr. Ferentinos filed an Objection to the Report and Recommendation and Order ("Objection") (Doc. 118). As such, this matter is ripe for review.

---

[1] The Magistrate Judge also granted the Motion for Withdrawal of Counsel (Doc. 103), filed by co-Plaintiff the Estate of Sandra Ferentinos ("Estate of Sandra Ferentinos" or "Estate"), but denied the Estate's Motion for Joinder in Amended Complaint (Doc. 105). Doc. 115 at 1–2.

**I.     BACKGROUND[2]**

On March 8, 2011, the State of Florida commenced a criminal proceeding against Mr. Ferentinos for utility theft in violation of Fla. Stat. § 812.14(2)(c). *See State v. Ferentinos*, No. 2011-MM-001034 (Fla. Osceola Cnty. Ct. Mar. 8, 2011); Doc. 107-3 at 24. The state court ultimately entered a judgment of acquittal on June 13, 2011. *See* Doc. 107-3 at 62.

In September 2011, Mr. Ferentinos, represented by attorney William Todd Long, filed a complaint against Defendant Kissimmee Utility Authority ("KUA") in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, alleging claims of malicious prosecution, libel, and slander. *See* Docket, *Ferentinos v. Kissimmee Util. Auth.*, No. 2011-CA-002982-ON (Fla. 9th Cir. Ct. Sept. 12, 2011), *available at* https://online.osceolaclerk.org/BenchmarkWeb/CourtCase.aspx/Details/291343?digest=m55yGh Ictd1mHsvhelt2bw ("First Civil Action Docket"); Doc. 11 ¶ 3. After KUA moved to dismiss, Mr. Ferentinos agreed to entry of an order providing him until June 15, 2012 to amend his complaint. *See* First Civil Action Docket; Doc. 11 ¶ 3.

On June 18, 2012—three days after the agreed deadline—Mr. Ferentinos filed an amended complaint. *See* First Civil Action Docket; Doc. 11 ¶ 4. On July 18, 2012, the state court dismissed the amended complaint, but granted Mr. Ferentinos leave to file a second amended complaint. *See* First Civil Action Docket; Doc. 11 ¶ 4. On October 2, 2012, the state court dismissed Mr. Ferentinos' second amended complaint without prejudice. *See* First Civil Action Docket; Doc. 11 ¶ 5.

---

[2] The Magistrate Judge's Report and Recommendation provides a complete description of the facts and procedural history of this case in its "History" section, which this Court adopts in full. For purposes of brevity, the Court sets forth the background of this case only to the extent necessary to explain its ruling.

On October 4, 2012, Mr. Ferentinos, represented by Mr. Long, commenced a new state court action against KUA in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, alleging claims identical to those in the earlier case.  *See* Docket, *Ferentinos v. Kissimmee Util. Auth.*, No. 2012-CA-004602-OC (Fla. 9th Cir. Ct. Oct. 4, 2012), *available at* https://online.osceolaclerk.org/BenchmarkWeb/CourtCase.aspx/Details/26357?digest=tsjbM9Ug W0zI0vL5deU1TA ("Second Civil Action Docket"); Doc. 11 ¶ 6; Doc. 67-2 at 14–18.  In April 2013, the state court dismissed the complaint in this new case (the fourth complaint filed by Mr. Ferentinos relating to his claims against KUA), but permitted Mr. Ferentinos to file an amended complaint.  *See* Second Civil Action Docket; Doc. 11 ¶ 9.

After Mr. Ferentinos filed an amended complaint (now his fifth complaint relating to his claims against KUA), Mr. Long was granted permission to withdraw as Mr. Ferentinos' counsel. *See* Second Civil Action Docket; Doc. 11 ¶¶ 10, 13.  KUA moved to dismiss the amended complaint, and while the motion was pending, Mr. Ferentinos, proceeding *pro se*, filed a second amended complaint (now his sixth complaint), which added his wife, Sandra Ferentinos ("Mrs. Ferentinos"), as a co-plaintiff and added various public officials as defendants.  *See* Second Civil Action Docket; Doc. 11 ¶¶ 10, 15.  On September 18, 2013, the state court dismissed the first amended complaint and struck the second amended complaint, while giving Mr. Ferentinos one more opportunity to amend.  *See* Second Civil Action Docket; Doc. 11 ¶ 18; Doc. 11 Ex. B.

Instead of amending his complaint, Mr. Ferentinos moved to disqualify the state court judge.  *See* Second Civil Action Docket; Doc. 11 ¶ 19.  The judge denied the motion.  *See* Second Civil Action Docket; Doc. 11 ¶ 19; Doc. 11 Ex. C.  On October 31, 2013, KUA moved for entry of a final judgment of dismissal with prejudice.  *See* Second Civil Action Docket; Doc. 11 ¶ 20.

While the motion was pending, on November 6, 2013, Mr. Ferentinos and Mrs. Ferentinos commenced the instant action, *pro se*, by filing a Complaint in this Court against KUA and various public officials. Doc. 1. The Complaint contained similar allegations to Mr. Ferentinos' six state court complaints, and included a class action claim for "electricity deregulation." *See id.*; Doc. 1-11. On November 7, 2013, one day after Mr. Ferentinos commenced this action, the state court entered a judgment dismissing Mr. Ferentinos' state court case with prejudice. *See* Second Civil Action Docket; Doc. 11 ¶ 20; Doc. 11 Ex. D.

On November 29, 2013, Mr. Ferentinos filed a statement notifying this Court of his wife's death and claiming that he was her "[r]epresentative and successor." Doc. 8. KUA and several other Defendants thereafter moved to dismiss the Complaint, and on December 26, 2013, Mr. Ferentinos, purportedly on behalf of both himself and his deceased wife, moved for an extension of time to respond to the motions to dismiss. Docs. 10, 11, 15, 60. Magistrate Judge Baker entered an Order granting the motion for an extension of time as to Mr. Ferentinos, but advised Mr. Ferentinos that he was prohibited from prosecuting claims on behalf of his deceased wife *pro se*, because those claims could only be prosecuted by counsel. Doc. 62.

Thereafter, Mr. Ferentinos, again purportedly on behalf of himself and his deceased wife, moved for additional extensions of time to respond to the motions to dismiss. Docs. 64–66. Once again, the Magistrate Judge granted the time extensions only with respect to Mr. Ferentinos' claims, reiterating that Mr. Ferentinos was prohibited from prosecuting claims on behalf of his deceased wife *pro se*. Doc. 68.

On February 11, 2014, attorney Timothy Hartung filed a Notice of Appearance on behalf of Mr. Ferentinos and his deceased wife. Doc. 85. Mr. Hartung later filed an Amended Notice of Appearance seeking to clarify that he only intended to represent the Estate of Sandra

4

Ferentinos, which the Court has construed as a motion to withdraw as counsel for Mr. Ferentinos. Doc. 90. After Mr. Ferentinos continued to file motions purportedly on behalf of the Estate of Sandra Ferentinos, *see* Docs. 90, 91, the Magistrate Judge scheduled a status conference. Doc. 94.

At the status conference, the Magistrate Judge clarified the representation of the parties. Doc. 102. As memorialized in a written order dated March 18, 2014, the Magistrate Judge granted Mr. Hartung's motion to withdraw as counsel for Mr. Ferentinos, thereby allowing Mr. Hartung to represent only the Estate of Sandra Ferentinos. Doc. 101 at 2–3. The Magistrate Judge also observed that amendment of the existing Complaint was required due to the Estate's new representation and Mr. Ferentinos' intent to pursue a class action claim which could not be prosecuted *pro se*, as well as his expressed desire to obtain counsel. *Id.* at 1; *see* Doc. 116. Therefore, the Magistrate Judge directed Mr. Ferentinos and the Estate of Sandra Ferentinos to *each* file an amended complaint within 14 days. Doc. 101 at 1. The Magistrate Judge instructed both Plaintiffs "to succinctly present their claims, consistent with the pleading requirements and Rule 11." *Id.* at 1 n.1.

On April 1, 2014, Mr. Hartung filed a motion to withdraw as counsel for the Estate of Sandra Ferentinos, explaining that attorney William Todd Long had agreed to take over the representation. Doc. 103. The same day, Mr. Ferentinos, proceeding *pro se*, filed a 295-page Amended Complaint with 118 pages of exhibits, making substantially the same allegations as his previous Complaint, and this time adding a class action claim for "electricity deregulation." Docs. 107-1, 107-2, 107-3. On April 2, 2014, Mr. Long filed a Notice of Representation stating that he would be representing the Estate of Sandra Ferentinos in this action, and that he would also be representing Mr. Ferentinos solely with respect to his class action claim. Doc. 105. Mr.

Long also requested that the Court accept Mr. Ferentinos' Amended Complaint as the Amended Complaint for the Estate of Sandra Ferentinos due to the "last minute" change of counsel and the April 1, 2014 deadline for the Estate of Sandra Ferentinos to file an Amended Complaint. *Id*. Alternatively, Mr. Long requested a 10-day extension "to make any needed corrections." *Id*. On April 7, 2014, numerous Defendants filed a Joint Motion to Dismiss. Doc. 114.

On April 8, 2014, Magistrate Judge Baker issued the Report and Recommendation and Order which is currently before the Court. Doc. 115. In the Report and Recommendation and Order, Magistrate Judge Baker granted Mr. Hartung's motion to withdraw as counsel for the Estate of Sandra Ferentinos, because Mr. Long had now appeared on behalf of the Estate. *Id.* at 1. However, the Magistrate Judge denied Mr. Long's request to represent Mr. Ferentinos solely with respect to his class action claim, because the representation would violate Local Rule 2.03(d), which prohibits *pro se* parties from "obtain[ing] special or intermittent appearances of counsel except upon such conditions as the Court may specify." *Id.* at 8. The Magistrate Judge also denied Mr. Long's alternative request for an extension of time because Mr. Long had failed to include the certification required by Local Rule 3.01(g) and good cause had not been shown. *Id*. Further, the Magistrate Judge rejected Mr. Long's attempt to adopt Mr. Ferentinos' Amended Complaint as the Amended Complaint for the Estate of Sandra Ferentinos, because Mr. Long's request was in violation of the Court's instruction that each Plaintiff file a separate Amended Complaint. *Id*.

Most importantly, the Magistrate Judge recommended that the Amended Complaint be dismissed with prejudice and that this case be closed. *Id.* at 13. The Magistrate Judge explained that both Plaintiffs—Mr. Ferentinos and the Estate of Sandra Ferentinos—had ignored the Court's instructions to file separate amended pleadings containing only their respective claims.

*Id.* at 9. The Magistrate Judge also opined that the Amended Complaint must be dismissed as a "shotgun pleading" in violation of Federal Rules of Civil Procedure 8 and 10. *Id.* at 9–11. The Magistrate Judge further observed that Mr. Ferentinos had ignored the Court's instruction that he could not prosecute his class action claim *pro se*, and that the Estate of Sandra Ferentinos had failed to appear through a duly-appointed executor or representative. *Id.* at 11–12. The Magistrate Judge recommended dismissal *with prejudice* because Plaintiffs had repeatedly failed to submit adequate pleadings and continually ignored the Court's instructions, leading to the conclusion that further opportunity to amend would be futile. *Id.* at 12–13.[3]

On April 22, 2014, Mr. Ferentinos filed the instant Objection. Doc. 118.

## II.     STANDARD OF REVIEW

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id*.

A magistrate judge's ruling on a non-dispositive matter, on the other hand, must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is

---

[3] The Magistrate Judge did not rule on the Joint Motion to Dismiss. *See* Doc. 115.

clearly erroneous or is contrary to law."). The "clearly erroneous or contrary to law" standard is extremely deferential. *Pac. Employers Ins. Co. v. Wausau Bus. Ins. Co.*, 3:05-cv-850J99MMH, 2007 WL 433362, at *2 (M.D. Fla. Feb. 6, 2007). A finding is only clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997).

### III. DISCUSSION

Mr. Ferentinos has asserted several objections to the Report and Recommendation and Order. Doc. 118. The objections pertain both to the Magistrate Judge's rulings on the pending motions, *see id.* ¶¶ 21–22, and the Magistrate Judge's recommendation that the Amended Complaint be dismissed with prejudice. *See id.* ¶¶ 23–33. For the reasons discussed below, the Court finds the objections to be without merit.

Mr. Ferentinos first objects to the Magistrate Judge's ruling prohibiting Mr. Long from representing him solely with respect to the class action claim. Doc. 118 ¶ 21. However, Mr. Ferentinos provides no reason why such a request should be granted, and the Court finds no error in the Magistrate Judge's decision, which is consistent with Local Rule 2.03(d).

Next, to the extent that Mr. Ferentinos objects to the Magistrate Judge's denial of Mr. Long's motion for an extension of time to file an amended complaint on behalf of the Estate of Sandra Ferentinos, *see* Doc. 118 ¶ 22, the Court notes that Mr. Ferentinos is not the proper party to bring this objection, as the Magistrate Judge's ruling on this issue pertained solely to the Estate. Even if Mr. Ferentinos were the proper party, the Court sees no error in the Magistrate Judge's denial of the motion based on the failure to comply with Local Rule 3.01(g) and the failure to demonstrate good cause.

The Court now turns to the Magistrate Judge's recommendation to dismiss the Amended Complaint with prejudice. Mr. Ferentinos asserts that his failure to file a sufficient pleading was the result of his last-minute substitution of counsel, which he claims was necessitated by the Magistrate Judge "scaring away" his previous attorney, Mr. Hartung, during the status conference. Doc. 118 ¶ 24. However, the appropriate course for Mr. Ferentinos would have been to properly file a motion for extension of time to file his Amended Complaint. Moreover, Mr. Ferentinos' contention that the Magistrate Judge "scared away" his attorney is belied by the transcript of the status conference, which shows that the Magistrate Judge deemed Mr. Hartung to be "experienced and well regarded," with a "fine reputation." Doc. 116 at 5:11–15.

Mr. Ferentinos also objects to the Magistrate Judge's conclusion that the Amended Complaint does not comply with Federal Rules of Civil Procedure 8 and 10. Doc. 118 ¶ 26. In making this objection, however, Mr. Ferentinos cites to cases discussing constitutional and prudential standing rather than the federal pleading standards. *Id*. The Court finds that the Amended Complaint is a classic example of "shotgun pleading,"[4] and therefore the Magistrate Judge properly recommended dismissal under Rules 8 and 10.[5]

Moreover, dismissal with prejudice is appropriate. As the Magistrate Judge noted, Mr. Ferentinos has had many opportunities to state plausible claims for relief, both in state court and this Court, but has failed to do so. Based on these failures, the Court is convinced that any further efforts to amend would be futile. The Court's conclusion is bolstered by the fact that

---

[4] A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

[5] Mr. Ferentinos also makes reference to Federal Rule of Civil Procedure 12(b)(6). Doc. 118 ¶ 23. However, the Magistrate Judge did not recommend dismissal for failure to state a claim upon which relief could be granted under Rule 12(b)(6). Rather, he found that the Amended Complaint was a "shotgun pleading" in violation of Rules 8 and 10. Doc. 115 at 9–11.

both Plaintiffs have repeatedly ignored the Court's directions regarding the need to file separate pleadings and to comply with the Federal Rules of Civil Procedure and the Local Rules.[6] *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (observing that a district court need not allow amendment of a pleading where there have been repeated failures to cure deficiencies by amendments previously allowed or where amendment would be futile).  Accordingly, the Court will dismiss this action with prejudice.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. Plaintiff Anthony E. Ferentinos' Objections (Doc. 118) are **OVERRULED**.

2. The Report and Recommendation and Order of the Magistrate Judge (Doc. 115) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

3. The Amended Complaint (Doc. 107) is **DISMISSED, with prejudice**.

4. The Clerk is directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on July 2, 2014.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge David A. Baker

---

[6] Mr. Ferentinos' remaining arguments reiterate his position that he was hampered by the need to obtain new counsel, supposedly due to the Magistrate Judge "scaring away" Mr. Hartung.  Doc. 118 ¶¶ 29–33.  However, the Court has already rejected these assertions.